IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW EVANS </br> 2813 Pine Lake Road </br> Uniontown, Ohio 44685 </br> </br> Plaintiff, </br> </br> v. </br> </br> IMS COMPANY </br> 10373 Stafford Rd. </br> Chagrin Falls, Ohio 44023-5296 </br> </br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | CASE NO: </br> </br> JUDGE: </br> </br> </br> </br> COMPLAINT </br> </br> (JURY DEMAND ENDORSED HEREON) |

**NATURE OF THE ACTION**

This is an action under the Age Discrimination in Employment Act to remedy unlawful employment discrimination on the basis of age and to provide appropriate relief to Plaintiff Andrew Evans ("Plaintiff"). As alleged with greater particularity below, Plaintiff alleges that Defendant IMS Company subjected Plaintiff to unlawful discrimination by discharging Plaintiff, then age 69, because of age.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217, and Section 7(c) of the ADEA, 29 U.S.C. § 626(c).

2. Venue is proper in the U.S. District Court for the Northern District of Ohio under

28 U.S.C. § 1391(b) because Defendant resides in this judicial district, and the alleged unlawful employment action giving rise to Plaintiff's claim occurred and/or was committed in this judicial district.

## PARTIES

3. Plaintiff currently resides in Summit County, Ohio and is expressly authorized to bring this action under Section 7(c) of the ADEA, 29 U.S.C. § 626(c).

4. At all relevant times, Defendant IMS Company ("Defendant") has continuously been a for-profit corporation, incorporated in Ohio, and headquartered and doing business in Chagrin Falls, Ohio, Geauga County, and has continuously had at least twenty employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

6. Plaintiff filed a timely charge of age discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue less than ninety (90) days before the filing of this Complaint. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

7. Defendant is a for profit plastics molding supply company and is a source for parts, supplies, and equipment for the plastic injection molding industry.

8. Plaintiff was at all times relevant qualified for the positions he held with Defendant. Plaintiff has a Bachelor of Arts Degree in Accounting, a Master of Business Administration (MBA) Degree, and passed the Certified Public Accountant exam. Plaintiff began his career as an Internal Auditor with American Electric Power Service Corporation. He then

became Controller for Harrison Brands Corp. f/k/a Harrison Paint Corp., where he rose through the ranks to become Senior Vice President and Chief Financial Officer. He then joined United States Ceramic Tile Company, a subsidiary of the Roca Group, Barcelona Spain, as its Director of Finance, and eventually became Secretary and Treasurer of the Roca Group's North American subsidiaries consisting of United States Ceramic Tile Company, a holding company and two sister operating companies.

9. Plaintiff thereafter began his employment with Defendant IMS Company in January 2009 as Defendant's Controller. Plaintiff also managed human resources upon joining the company. Plaintiff received the title of Human Resource Manager in May 2011.

10. Plaintiff assumed the duties of general manager when Defendant's General Manager left the company in July 2017. Plaintiff officially became acting General Manager when Defendant updated the job description for the position in November 2017.

11. Defendant never criticized Plaintiff's performance or issued him discipline during his employment.

12. During a company assembly of all employees in February 2018, Defendant's co-owners Brad and Mary Ann Morse stated that Plaintiff was doing a great job. Co-owner Mary Ann Morse praised Plaintiff's work, stating that Plaintiff was "the best" and that "Andy Evans could manage a Fortune 500 company."

13. While discussing Plaintiff's work performance in mid-October 2018, Mary Ann Morse told Plaintiff he was a "rock star."

14. Less than two weeks later, on or about October 22, 2018, Defendant discharged Plaintiff.

15. Defendant later stated as reasons for discharging Plaintiff that Plaintiff was responsible for publishing a product catalog with inaccuracies; that Plaintiff violated an alleged

IMS policy that required inventory levels be kept under $5,000,000; that Plaintiff failed to timely address an issue with the phone system; and that Plaintiff engaged in bullying, intimidating behavior in the workplace.

16. None of the reasons stated by Defendant have a basis in truth or fact. Defendant published the catalog long after it had discharged Plaintiff and failed to ensure that it did not contain inaccuracies. Defendant never had a policy requiring inventory levels be kept under $5,000,000. Plaintiff in fact timely addressed the phone system. Plaintiff never engaged in bullying or intimidating behavior in the workplace. All of the reasons that have been given by Defendant as justification for discharging Plaintiff are pretextual in nature.

17. At the time of his termination, Plaintiff was performing his job duties in accordance with Defendant's expectations.

18. Following Plaintiff's discharge, Defendant replaced him as Controller and HR Manager with an employee in her early thirties, and hired a substantially younger person as General Manager.

## COUNT ONE
### (Age Discrimination)

19. Plaintiff repeats and incorporates by reference the foregoing paragraphs of his Complaint.

20. Plaintiff was at all times qualified for the positions he held with Defendant.

21. Defendant subjected Plaintiff to unlawful discrimination by terminating him because of his age, 69, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1).

22. The effect of the adverse action complained of herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of age.

23. The unlawful employment action complained of herein was willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment action, including but not limited to reinstatement or front pay in lieu of reinstatement.

B. Order Defendant to pay Plaintiff liquidated damages for its willful conduct described above, in an equal sum as the appropriate back pay award.

C. Award Plaintiff reasonable attorney's fees.

D. Award Plaintiff costs of this action.

E. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from engaging in employment practices that discriminate on the basis of age, including but not limited to discharging any individuals because of such individuals' age.

F. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals age 40 and over and which eradicate the effects of its past and present unlawful employment practices, including but not limited to mandatory training on age discrimination for all supervisory and non-supervisory employees.

G. Order Defendant to submit to a reasonable period of monitoring by the Court during which Defendant shall provide periodic reports to the Court identifying (1) all individuals age 40 and over who are discharged by Defendant, Defendant's reason for its discharge decision, and the age and qualifications of any persons hired for the discharged individuals' positions; and

(2) all complaints or observations of alleged age discrimination under the ADEA that are received by Defendant and any corrective actions taken in response to those complaints or observations.

      H.      Grant such further relief to which Plaintiff is entitled and/or as the Court deems necessary and proper.

      Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)
DAVID W. NEEL, LLC
13800 Shaker Blvd., Ste. 102
Cleveland, Ohio 44120
Office: (216) 522-0011
Fax:    (844) 548-3570
Email: dwneel@neellaw.com

## **JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all issues to which he is entitled to a jury.

      Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)